(February 20, 1951.)

B. M. HEEDE, INC., Respondent, v. FREDERIC P. ROBERTS et al., Copartners Doing Business under the Name of ROBERT & COMPANY, et al., Appellants.— Judgment unanimously affirmed, with costs. No opinion. Present — Peck, P. J., Glennon, Cohn, Callahan and Shientag, JJ.

In the Matter of ALEXANDER H. LIGHTBOURNE, Petitioner, against BOARD OF TRANSPORTATION OF THE CITY OF NEW YORK et al., Respondents.— Determination unanimously confirmed, with $50 costs and disbursements. No opinion. Present — Peck, P. J., Glennon, Cohn, Callahan and Shientag, JJ.

LILLIAN KAHN, Respondent, v. CHARLES MINZNER et al., Individually and as Executors of HERMAN MINZNER, Deceased, Appellants.— Order unanimously affirmed, with $20 costs and disbursements. No opinion. Present — Peck, P. J., Glennon, Cohn, Callahan and Shientag, JJ.

BEATRICE SCHWARTZ, Respondent, v. H. ENDELMAN CO., INC., Appellant, et al., Defendants.— Judgment unanimously affirmed, with costs. No opinion. Present — Peck, P. J., Glennon, Cohn, Callahan and Shientag, JJ.

REVELONE, INC., Appellant, v. ARLIND REALTY CORPORATION et al., Respondents.— Judgment and orders unanimously affirmed, with costs. No opinion. Present — Peck, P. J., Glennon, Cohn, Callahan and Shientag, JJ. [Judgment dismissed complaint and orders settled costs.]

REVELONE, INC., Respondent, v. ARLIND REALTY CORPORATION et al., Appellants, et al., Defendants.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Peck, P. J., Glennon, Cohn, Callahan and Sheintag, JJ. [Judgment and order denied additional allowances.]

SELF SERVICE SUPER MARKET, INC., Appellant, v. BENJAMIN HARRIS, Respondent, et al., Defendants.— Judgment unanimously affirmed, with costs. No opinion. Present— Peck, P. J., Glennon, Cohn, Callahan and Shientag, JJ.

In the Matter of the Construction of the Will of PATRICK A. POWERS, Deceased. PAULINE M. O'MALLEY, as Executrix of David A. O'Malley, Deceased, Appellant-Respondent; GLEN BEHYMER, as Executor of PATRICK A. POWERS, Deceased, et al., Respondents-Appellants; JOSEPHINE McCOY et al., Respondents. — We agree with the Surrogate that the condition of the legacy was that the legatees should survive the normal period of estate administration, but then interpret the will as vesting any share which lapses by reason of the death of a legatee prior thereto in the remaining legatees without requiring their